LEIFFER et al. v. POST.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. SALES ON APPROVAL—EVIDENCE—SUFFICIENCY.
   In an action for the price of goods which defendant refused to accept after delivery, evidence *held* to show by a preponderance thereof that the sale was on approval, and not an absolute sale.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Kalman Leiffer and another against Joshua L. Post. From a judgment for plaintiffs, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Adolph Block, for appellant.
Mortimer W. Soloman, for respondents.

FREEDMAN, P. J.   Plaintiffs alleged a sale and delivery to the defendant of one dozen fur scarfs at $6.50 each, and recovered judgment for that amount.   The circumstances out of which the cause of action arose are these:   On December 18, 1903, one of the plaintiffs called upon the defendant, and had with him two fur scarfs, which in his testimony he called "samples," and the defendant then gave an order for ten more of the scarfs, which were delivered to him on the following day.   Upon the 22d day of December, the defendant, claiming that the goods were not well made, returned them to plaintiffs at their place of business, who, as one of the plaintiffs testifies, refused to accept them.   The plaintiffs insisted upon the trial that the sale was an absolute one, and not a sale by sample or on approval, and also that the defendant examined the goods after delivery.   The contention of the defendant was that he had been dealing with the plaintiffs for several years; that defendant was accustomed to order goods upon approval; that, if such goods were not suitable for his business, or he was not satisfied for any reason, he would send them back, and that the plaintiff would accept them.   I think plaintiffs failed to show an absolute sale of the goods in question, or an examination after delivery, and that the preponderance of testimony shows that the goods were sent upon approval only.   On the day of the alleged sale by one of the plaintiffs he had what he called two "samples" of scarfs with him.   He testified that when the defendant "wanted any goods he would order them," and in answer to a question asked by the court he said: "Q. And when he ordered, he always ordered from sample? A. Yes, sir."   It is not probable that the defendant would make the unconditional promise attributed to him to pay for twelve scarfs when he had seen but two, and plaintiffs did not dispute the evidence on the part of the defendant to the effect that the scarfs were not well made. He gives some testimony from which it might be inferred that when the ten scarfs were delivered the defendant examined them, but the record is not very clear upon that point.   On the contrary, an employé of the defendant testified that he was the fur examiner for the defendant; that on the day after the goods were delivered the plain-

tiff who delivered the goods called at defendant's store, and asked the witness if he had examined the furs; that he told plaintiff that he was busy, and had not had the time to do so as yet; that on the same afternoon he did examine them, and found they were not well made, and that they could not be used. In this the witness is corroborated by the defendant. The plaintiff conceded that the goods had been returned to him by the defendant, but what afterwards became of them does not appear. The preponderance of testimony, as well as the reasonable probabilities, are with the defendant.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.